UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BOBBY DODD, | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-358-HSM-CHS |
| | ) | |
| CITY OF CHATTANOOGA, TENNESSEE, | ) | |
| and THE CHATTANOOGA FIRE AND | ) | |
| POLICE PENSION FUND, | ) | |
| | ) | |
|    *Defendants*. | ) | |

<u>REPORT AND RECOMMENDATION</u>

On December 18, 2015, Plaintiff Bobby Dodd moved to amend his complaint a second time to add references to certain City of Chattanooga (City) ordinances which Plaintiff contends have bearing on the substantive matters in this case [Doc. 35]. The deadline for amending the pleadings in this action was September 29, 2015; discovery ended on November 24, 2015; and the dispositive motion deadline was December 22, 2015.

Federal Rule of Civil Procedure 15 is the proper rule to consider when moving to amend a complaint in federal court. Under Rule 15(a), leave to amend shall be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave is appropriate "in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc..." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court must also consider the plaintiff's motion in light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909. Rule 16 permits modification of the scheduling order upon a showing of

1

good cause and by leave of the district judge. *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Mar. 4, 2005).

Plaintiff asserts that the delay in moving for an amendment was occasioned by the difficulty in identifying the applicable City ordinances. There was no argument or contention that the delay was created by actions of the Defendants, and indeed, that does not appear to be the case. The undersigned does not find that Plaintiff's difficulty in identifying the applicable City ordinances constitutes good cause to allow the complaint to be amended after the expiration of the deadline to amend the pleadings, after the close of discovery, and less than a week before dispositive motions are due. Moreover, it appears that, as a practical matter, denial of Plaintiff's motion to amend will have little impact on his current claims. Counsel for the various parties at the hearing on this motion conceded that a denial of Plaintiff's motion to amend would not preclude Plaintiff from arguing the validity or applicability of a given City ordinance since an ordinance constitutes legal authority similar to a statute. On the other hand, to the extent Plaintiff's proposed amendments contain any new factual allegations or legal theories, it would be highly prejudicial to Defendants to allow the amendment at this point in the litigation after discovery has already closed and contemporaneously with the deadline for the summary judgment motions being filed on behalf of the Defendants.

Accordingly, it is RECOMMENDED that Plaintiff's Second Motion to Amend his Complaint be DENIED.[1]

s\ *Christopher H. Steger*
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).